## CLARK *v.* KILLIAN.

1. The settlement of lands by a man upon his wife is not invalid, if the rights of existing creditors are not thereby impaired.
2. A bill of review is the appropriate mode of correcting errors apparent on the face of the record, and it was in this case filed in time, less than two years having elapsed since the original decree was passed.
3. The court will not consider errors assigned by the appellee.

APPEAL from the Supreme Court of the District of Columbia.

The facts are stated in the opinion of the court.

*Mr. Francis Miller* for the appellant.

*Mr. William J. Miller, contra.*

MR. JUSTICE HARLAN delivered the opinion of the court.

On the 24th of June, 1873, Clark, the appellant, obtained in the court below a judgment at law against John Killian, administrator of William Schlorb, for the sum of $3,819.25, the balance due from the deceased upon dealings with appellant, commencing on the twenty-second day of November, 1865. An execution upon the judgment having been returned no property found, Clark exhibited there his bill in equity against the administrator *de bonis non*, the widow, and infant children of Schlorb, for the purpose of subjecting to the satisfaction of the judgment certain real estate which stood in the name of the wife and an infant son of Schlorb.

The real estate is thus described in the bill: 1. Lots 6 and 9, in square 654, of the city of Washington, conveyed Aug. 18, 1858, by Schlorb to John Killian, since deceased, in trust for the use of his wife, and free from liability for the debts of the grantor. 2. Lots 5 and 8, in the same square, conveyed Oct. 23, 1858, to the same person in trust for the sole and separate use of the wife, and free from liability for the husband's debts. 3. Lot 2, in the same square, purchased by Schlorb from Baker and by the latter, in pursuance of directions from the father, conveyed, Oct. 5, 1865, to his infant son, George L. Schlorb. 4. Lot 3, in the same square, purchased by Schlorb from Brown, and by the latter, in pursuance of directions from the husband, conveyed, Dec. 21, 1865, to Killian, in trust for the sole and separate use of the wife, and free from the control of the husband. 5. The north half of lot 7, in the same square, purchased by Schlorb from Budle, and by the former's direction conveyed, May 3, 1866, to, Killian in like trust for the sole and separate use of the wife, and free from the husband's control. 6. Lot 1, in the same square, conveyed by Schlorb, Dec. 23, 1868, to Killian in trust for the benefit of the wife, and free from the husband's control.

The bill alleges that these several conveyances were by Schlorb made and caused to be made with the intent to hinder, delay, and defraud his creditors.

The answer of the widow was explicit in its denial of the fraud charged, and alleged that the deceased, when the several

conveyances were made, was free from debt, in comfortable circumstances, and engaged in a prosperous business; that only one piece of the property was conveyed in trust for her, after the dealings between Clark and him commenced and were in progress. The infant children made a formal answer, by their mother, as guardian *ad litem*, submitting their rights to the protection of the court. An answer containing full denials was also filed by the administrator *de bonis non* of Schlorb. Clark filed his joinder of issue on the answers to his bill, and the cause was submitted on bill and answers and replications, without proof.

On the 17th of February, 1875, the court rendered a decree adjudging that the conveyances for lots 1, 3, and the north half of lot 7 were null and void, and they were sold under the decree for the sum of $1,403.47.

Subsequently, on 18th June, 1875, a similar decree was rendered as to lots 2, 5, 6, 8, and 9. They were also sold, and at the commencement of this suit the title was in Clark, the appellant.

On the 4th of January, 1877, a bill of review was filed by the administrator *de bonis non*, the widow, and infant children of Schlorb against Clark, for the purpose of setting aside the foregoing decrees for errors of law apparent on the face of the record. The bill set out all of the foregoing facts, including the pleadings in the original suit, and Clark demurred. The demurrer was sustained and the bill dismissed. Upon appeal to the general term the decree of dismissal was reversed and the demurrer overruled. The cause was then submitted on the bill of review. Judgment was rendered setting aside the former decree as to lots 2, 5, 6, 8, and 9, and affirming the one as to lots 1, 3, and the north half of 7.

From the last decree both sides prayed an appeal to this court.

The decree of the court below, so far as it relates to lots 2, 5, 6, 8, and 9, is in all respects right. Upon the face of the bill, answers, and other pleadings in the original suit, there was no ground whatever to assail the conveyances of those lots. They were made before Clark had any dealings with Schlorb,

and when, so far as the pleadings in that case disclose, there were no creditors who could complain of any such disposition by Schlorb of his property. Clark, therefore, could not have given credit to Schlorb upon the faith of his ownership of the property. The answers denied the allegations of fraud, and there was no evidence to overcome the denials. The pleadings in that case did not authorize the conclusion, as matter of law, that Schlorb had conveyed or caused to be conveyed the property with the fraudulent intention of thereafter engaging in business, or having business transactions, and, in the event of financial embarrassment arising therefrom, to withhold it from his creditors. Taking all the circumstances to be as they are set out in the pleadings, it is perfectly clear that the court, in adjudging the conveyances of the lots above named to be null and void, and ordering them to be sold in satisfaction of Clark's judgment, erred in point of law. Consequently a bill of review was the proper mode of remedying that error. The present bill was filed in time. *Thomas* v. *Harvie,* 10 Wheat. 146.

The appeal prayed by appellees in the court below from so much of the decree as confirmed the original decree as to lots 1, 3, and north half of 7, has never been perfected. We cannot, therefore, notice the errors assigned in the brief of counsel for appellees.

The decree below, so far as appealed from by Clark, is, without prejudice to any right which the appellees may have to an appeal,

*Affirmed.*