## McGOWAN *v.* ELROY.

APPEAL; CERTIORARI; TRANSCRIPTS; BILLS OF REVIEW.

1. Ordinarily motions for certiorari to complete the record in this court are granted without examination of the transcripts on file, where application is made and sworn to as required by the rules; but, where the matter sought to be brought up would add immensely to the record, and necessitate great expense, the court will look into the transcript of the record to ascertain whether or not there is reasonable ground for granting the motion.

2. A bill of review is founded on some error that is apparent from the pleadings and decree, and does not go into the evidence at large in order to establish an objection to the decree, founded on any supposed mistake of the court in its deductions from the evidence. (Citing *Adriaans* v. *Reilly,* 27 App. D. C. 167.) Accordingly, on an appeal from a decree dismissing a bill of review, a motion to compel the bringing up and adding to the record the evidence taken in the court below should be denied.

No. 1677. Submitted June 7, 1906. Decided June 7, 1906.

HEARING on a suggestion by one of the appellees of a diminution of the record, and a motion for the writ of certiorari to complete the same.                    *Denied.*

The facts are sufficiently stated in the opinion.

*Mr. Charles Bendheim* and *Mr. E. Burke* for the motion.

*Mr. C. T. Hendler* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

John H. Simms, one of the appellees, has suggested to the

court a diminution of the record, and moved for certiorari to complete the same.

Ordinarily motions for certiorari to complete the record in this court are granted without examination of the transcript on file, where application is made and sworn to as required by the rules. The matter sought to be brought up on this motion would add immensely to the record, and incur very great expense. For that reason the court has looked into the transcript of the record filed by the appellant to ascertain whether or not there is reasonable ground for granting the motion. We think there is none.

This, it will be remembered, is an appeal from a decree dismissing a bill of review filed by the appellant in the court below. The transcript of the record filed on that appeal contains the original bill of complaint in the cause, demurrer thereto, decree on demurrer, the amended bill, demurrer and decree thereon, answer of the parties, the final decree of the court, petition for rehearing, decree thereon, bill of review with demurrer thereto, and decree sustaining that demurrer. The bill seeks to review the decree rendered on the original bill, answer, and evidence taken in the cause. This bill is necessarily founded on some error that is apparent from the bill, answer, and other pleadings and decree. A bill of review does not go into the evidence at large in order to establish an objection to the decree, founded on any supposed mistake of the court in its deductions from the evidence. *Whiting* v. *Bank of United States,* 13 Pet. 6, 13, 10 L. ed. 33, 36. See also *Adriaans* v. *Reilly,* 27 App. D. C. 167, and cases there cited.

The object of the motion in this case is to compel the bringing up and adding to the record the evidence taken in the court below. As the cause must be tried upon the pleadings and decree, and not upon that evidence, the record here ought not to be encumbered with it.

The motion is *denied, with costs.*