[Civ. No. 755.   Third Appellate District.—November 9, 1910.]

# SAMUEL WALKER, Appellant, v. ANNA WALKER, Respondent.

DIVORCE—DESERTION BY WIFE—CAUSE OF ACTION ACCRUED TO HUSBAND —AGREEMENT FIXING PROPERTY RIGHTS AND FOR SEPARATION NOT A BAR—NO CONDONATION OR COLLUSION.—A cause of action for divorce of a wife for willful desertion, which has fully accrued to the husband, is not barred by an agreement merely adjusting property rights between them, and providing for a continued separation, where there was no condonation of the offense or offer to condone it, nor any connivance or collusion, beyond the terms of such agreement, and it fully appears that the wife continuously persisted in remaining apart from the husband, so that the effect of the agreement was to continue the *status* precisely as it had previously existed.

ID.—POWER OF HUSBAND AND WIFE TO CONTRACT LIMITED.—While the husband and wife may enter into any agreement or transaction with either respecting property, they cannot, by any contract with each other, alter their legal relations, except as to property, and except that they may agree in writing to an immediate separation, and may make provision for the support of either of them or of their children during such separation.

ID.—CONTRACT EXCLUDING CONDONATION—PURPOSE DECLARED.—The contract shows on its face that the wife returned for no purpose of remaining and fulfilling her marital obligations, and soliciting condonation, but on the contrary declares that "it has become quite impossible for them to live together in that condition of amity and accord essential between husband and wife," and that she relinquishes to him "all claims, rights, benefits and privileges to which she may be entitled by reason of their marriage," and further declared as her purpose in making it that "it is therefore necessary that some arrangement be arrived at whereby the property and personal rights of the parties and their future relations be forever settled and adjusted."

ID.—PURPOSE NOT AFFECTING PRIOR DESERTION BY WIFE.— It appears that the sole purpose of the agreement was .to adjust property rights, and that their agreement to live separate did not affect the legal consequences flowing from the prior desertion of the husband by the wife.

ID.—INTENTION OF HUSBAND IN RELEASING CAUSES OF ACTION—DIVORCE NOT INCLUDED—LIMITATION TO PROPERTY RIGHTS.—A provision in the contract by which the husband, as first party, "does hereby release and forever absolutely discharge said party of the second part from all claims and demands, action and causes of action" of

every kind whatsoever, as the wife of the party of the second part," does not by its terms include the cause of action for divorce against the wife for desertion; but, taking the contract in its entirety, and considering its terms, the intention was to discharge only causes of action involving property rights.

ID.—POWER TO WAIVE RIGHT TO DIVORCE—ABSENCE OF WAIVER.—Conceding the power of the husband and wife to enter into a contract waiving the right to bring an action for a divorce, it appears that no such waiver was contemplated by the parties in entering into the contract for the adjustment of property rights, or that (if it could be treated as a valid consideration) it was a consideration for its execution on their part.

ID.—IMPROPER CONSTRUCTION OF CONTRACT — INTEREST OF WIFE CONTRARY TO ACTS AND DECLARATIONS.—The contract ought not to be construed, in the interest of the wife, out of harmony with her acts and declarations, and to declare the relation of husband and wife to be still subsisting, after property rights were adjusted, so as to perpetuate a relation which she has repudiated, and has done all that she could to terminate.

ID.—ACCRUED CAUSE OF ACTION FOR DESERTION NOT OBLITERATED BY REPENTANCE.—Even the repentance of the guilty party cannot obliterate an accrued cause of action for desertion; and the injured party after the statutory time has elapsed is not obliged to accept an offer to return. It then comes too late.

ID.—FINDING AGAINST EVIDENCE.—It is held that the finding that the contract by its terms effected a complete reconciliation of all the differences existing between the parties at its date is unsupported by the evidence.

APPEAL from a judgment of the Superior Court of Napa County, and from an order denying a new trial. Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

Frank L. Coombs, for Appellant.

James M. Palmer, and E. S. Bell, for Respondent.

CHIPMAN, P. J.—Action for divorce. Defendant had judgment, from which and from the order denying his motion for a new trial plaintiff appeals. The complaint was filed October 30, 1907. The court found that the parties were married in 1862 and ever since have been husband and wife; that on April 1, 1903, defendant willfully and without cause

and contrary to plaintiff's wishes, separated from him, "with
intent then and there to desert and abandon plaintiff and
from said first day of April, 1903, up to and including the
sixteenth day of February, 1905, said defendant, without
plaintiff's consent and contrary to his wishes, continued to
live separate and apart from said plaintiff with intent at all
of said times to desert and abandon him." The court then
finds: That on the sixteenth day of February, 1905, said
plaintiff and defendant effected a complete reconciliation of
all of the differences existing between them at the said time
as husband and wife, by reason of having upon said day
made, executed and delivered the following agreement: This
agreement states: "That whereas certain unhappy differences
have arisen between the parties hereto, whereby it has be-
come impossible for them longer to live together in that con-
dition of amity and accord essential between husband and
wife; and whereas it is therefore necessary that some ar-
rangement be arrived at whereby the respective property and
personal rights may be forever settled and adjusted; . . .
Now, therefore . . . said party of the first part does hereby
release and forever absolutely discharge said party of the
second part of and from any and all claims and demands,
action and causes of action of any and every name and kind
whatsoever as the wife of the said party of the first part;
and does hereby discharge her, the said party of the second
part, of and from any and all claims upon the separate prop-
erty upon any property she acquires under the terms of this
agreement or upon any other property she may hereafter ac-
quire, for the support and livelihood of said party of the first
part. And said party of the first part does hereby relinquish
forever any right or interest in or to the separate property
of said second party and in or to any property she may here-
after acquire by right of succession or otherwise, and does
further covenant and agree that she shall and may live sepa-
rate and apart from him, the said first party, and shall and
may choose her residence and place of abode without let
or hindrance from said first party." Then follow clauses
similar in language expressing like covenants on the part of
defendant. "And the parties hereto agree to an immediate
separation and each does hereby relinquish to the other all
claims, rights, benefits and privileges to which he or she may

be entitled from the other by reason of their marriage relations." The concluding paragraph reads: "In consideration of fifteen hundred dollars . . . said party of the second part agrees and does accept the same in full satisfaction of any and all of her claims or rights in or to the property of the said parties as wife of the said first party; and the said second·party relinquishes as wife of the said first party all right in law or in equity, by succession or descent, any further share in the community property or in any property the said first party now has or which he may hereafter acquire." These are all the provisions which seem to have any bearing upon the questions now raised. As a conclusion of law the court found: "That said agreement, by its terms and agreements constitutes a bar to this action as brought by the plaintiff against the defendant."

The evidence was sufficient to justify the finding of the court upon the fact of defendant's desertion of plaintiff in 1903, and the evidence was that she never, after having deserted him, returned to his home or offered to do so up to the time of the trial, May 12, 1908. There was no evidence of her having made any attempt at reconciliation or ever offered to resume marital relations after April 1, 1903. The case may be stated to be simply this: On February 16, 1905, plaintiff had a good cause of action for desertion; on that day the parties came together long enough to enter into an agreement to adjust their property rights and to live separate and apart and they have ever since done so. Can the action be maintained based upon the desertion prior to the execution of this agreement?

No evidence was offered as to the intention of the parties in making the agreement of separation other than is found in the agreement itself. The court limited its finding of desertion to the fifteenth day of February, 1905, inclusive, doubtless holding that the desertion ceased after that date by reason of the contract of separation. This would seem to follow from the finding that by the contract the parties "effected a complete reconciliation of all the differences existing between them at the said time as husband and wife"; and the trial court held that, as to the prior desertion, the agreement barred any action upon it.

"Either the husband or wife may enter into an engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried," subject to certain rules governing trust relations. (Civ. Code, sec. 158.)   But—"A husband and wife cannot, by any contract with each other, alter their legal relations, except as to property, and except that they may agree, in writing, to an immediate separation, and may make provision for the support of either of them and of their children during such separation." (Civ. Code, sec. 159.)   These sections, it is contended by appellant, prescribe the limit of their power to contract with each other; that marriage is a legal relation and they are powerless to alter that relation by contract, except as to property and except also that they may agree in writing to an immediate separation, i. e., to live separate and apart.

At the time the defendant entered into this contract she had given plaintiff a sufficient ground for divorce; she had willfully deserted him for a period considerably beyond the statutory .time prescribed; her matrimonial offense was complete and plaintiff's right of action had accrued. "If one party deserts the other, and before the expiration of the statutory period required to make the desertion a cause of divorce, returns and offers in good faith to fulfill the marriage contract and solicits condonation, the desertion is cured." (Civ. Code, sec. 102.)   There is no pretense that defendant did this, or even made the slightest conciliatory advance toward her husband. The evidence was that she had previously declared that she never would again live with him. The contract shows on its face that she returned for no purpose of remaining and fulfilling her marital obligations and soliciting condonation, but quite to the contrary, for the agreement declares that "it has become impossible for them longer to live together in that condition of amity and accord essential between husband and wife"; and she relinquished to him "all claims, rights, benefits and privileges to which she may be entitled by reason of their marriage." It is impossible to find in this agreement any suggestion of a purpose on her part, or either of them, for that matter, ever again to resume the marriage relation. Furthermore, she declared in the agreement, as showing her

purpose in making it, that "it is therefore necessary that some arrangement be arrived at whereby the respective property and personal rights of the parties and their future relations be forever settled and adjusted." It is in view of this state of the case we are asked to hold that the parties intended by their contract to obliterate the past, execute an accord and satisfaction of any right of action arising out of past conduct and continue the separation, but upon a different footing.

In *Benkert* v. *Benkert,* 32 Cal. 468, the wife had manifested no intention to return to her husband until after the statutory period constituting desertion had elapsed. The court said: "Her repentance did not obliterate the offense. If it had been accepted and acted on by the plaintiff, by receiving her and renewing the cohabitation, it would be regarded as a condonation. But he may, after the lapse of the statutory period, refuse to accept the offer. Bishop (sec. 530), in speaking of the offer to return, says that if it is made in good faith within the period prescribed by the statute to complete the offense, it will bar the suit. 'But after the time has expired and the right of action has fully accrued, the injured party is not obliged to accept such an offer; it comes too late.' " (*Kenniston* v. *Kenniston,* 6 Cal. App. 657, [92 Pac. 1037].) The statute requires that the action shall be commenced within a reasonable time (Civ. Code, sec. 124), and "unreasonable lapse of time is such delay in commencing the action as establishes the presumption that there has been connivance, collusion, or condonation of the offense, or full acquiescence in the same with intent to continue the marriage relation notwithstanding the commission of the offense." (Civ. Code, sec. 125.) In *McMullin* v. *McMullin,* 140 Cal. 112, 117, [73 Pac. 808, 809], the court said: "Of course, the original offense is not destroyed by the fact that after the desertion has continued for the period essential to make it a ground of divorce, the *status* of the separation changes and the separation becomes in every way agreeable to the deserted party. She has still her right of action for a divorce because thereof, and is not obliged to condone the offense." There was no such lapse of time here as would bar the action, for there is not the slightest indication of "connivance, collusion, or condonation of the offense," and there was no showing of

full acquiescence in the desertion "with intent to continue the marriage relation," with all its rights and privileges. The "*status* of the separation" was not changed by the agreement, for to all intents and purposes this *status* was to continue precisely as it had existed while the offense was being committed. We are unable to discover anything in the conduct of the parties or in the language of the agreement indicating any intention to condone past offenses or ever again to live together as man and wife.

It seems to us that the purpose of the agreement and its sole purpose was to adjust the property rights of the parties and that their agreement to live thereafter separate and apart did not affect the legal consequences flowing from the prior desertion of the wife. Where the offense of desertion has once been committed and has continued for the statutory period, the statute (Civ. Code, sec. 102) points out how "the desertion is cured." Anything short of substantial compliance in good faith therewith does not cure the desertion.

But it is claimed, and this was apparently the view of the trial court, that the provision of the agreement of separation is a bar to the action by reason of the clause, "Said first party does hereby release and forever absolutely discharge said party of the second part of and from any and all claims and demands, action and causes of action of any and every name and kind whatsoever as the wife of the said party of the first part." It will be observed that the language purports only a release of the wife by the husband of all claims and causes of action as the wife. If the husband intended to release all claims and causes of action *he had against his wife,* the language fails to so express such intention. However, if we treat the clause as intended to import a discharge of any claim or cause of action the husband then had against his wife, it seems to us that, taking the contract in its entirety and considering the context, the intention was to discharge any causes of action involving property rights. The contract was drawn pursuant to the authority given by the code (Civ. Code, secs. 158, 159, *supra*), and in any construction given it we must keep not only its main purpose in view, but also the statute which authorized it, and this statute forbade altering their "legal relations except as to property" and except as "to an immediate separation."

Appellant urges with much force that the instrument is void in so far as it attempts a contract not permitted by the codes. The argument is that "the code establishes the law of this state respecting the subject to which it relates" (Civ. Code, sec. 4); that the common law of England is the rule of decision in the courts of this state, so far as not repugnant to the constitution or laws of the state (Pol. Code, sec. 1468); that by the common law contracts between husband and wife are void for want of the wife's power to consent; that where the statutory right is given them to contract, it must be exercised only in the manner prescribed and cannot be enlarged. (9 Am. & Eng. Ency. of Law, 1st ed., 793.) We do not find it necessary to decide the point, for, conceding the power to enter into a contract waiving the right to bring an action for divorce, it does not seem to us that any such waiver was contemplated by the parties in making the contract, or that it was a consideration (if such a covenant could be treated as a valid consideration) for its execution on their part.

Nor can we see any good reason for giving the contract the construction contended for by respondent, inasmuch as she manifests no desire to resume marital relations; and to declare the relation of husband and wife to be still subsisting, after all property rights are adjusted, would be to perpetuate a relation which she repudiates and has done all she could to terminate, and which she declares she never will resume. Why, then, should we give the contract a construction so out of harmony with her acts and express declarations?

The finding that plaintiff and defendant, on February 15, 1905, effected a complete reconciliation of all the differences existing between them by reason of having executed the agreement of that date is, we think, unsupported by the evidence.

The judgment and order are reversed.

Hart, J., and Burnett, J., concurred.