## Wytheville.

### ALICE LOVING BUTLER v. J. JARVIS BUTLER.

#### June 17, 1926.

1. DIVORCE—*Cruelty—Case at Bar.*—In the instant case, a suit by a wife for divorce on the ground of cruelty, the husband filed a cross-bill denying the charge of cruelty and charging the wife with wilful desertion without just cause. From the evidence, it appeared that the wife was unreasonable and violent. Her violence taking the form of the most vicious and apparently uncalled for assaults upon her husband. The final desertion by the wife took place after one of these violent scenes during which the wife kicked and scratched the husband and the husband slapped the wife on the thigh. It appeared that the husband at times was provoked beyond endurance.

   *Held:* That, the husband was not guilty of such cruelty as would justify desertion by the wife, and was entitled to a decree on that ground.

2. DIVORCE—*Grounds for Divorce—Living Unhappily Together—Cruelty.*— The law does not permit courts to sever marriage bonds and to break up households merely because husband and wife, through unruly tempers, lack of patience and uncongenial natures, live unhappily together. It requires them to submit to the ordinary consequences of human infirmities and unwise selections, and the misconduct which will form a good ground for legal separation must be very serious and such as amounts to extreme cruelty, entirely subversive of the family relations, rendering the association intolerable.

3. DIVORCE—*Desertion—Agreement for Separation as Defense to Desertion.*—An unrevoked agreement for separation under which the spouses are living apart precludes either from obtaining a divorce for desertion. The rule, as stated, comtemplates that the agreement must be unrevoked, and that the spouses must be living apart *under* the agreement.

4. DIVORCE—*Desertion—Agreement for Separation as Defense to Desertion—Acquiescence After the Fact.*—The distinction between an agreement to live separate and apart, made prior to actual separation,

and one made after separation, is a distinction without a real difference. Voluntary acquiescence after the fact would remove cause of complaint as well as consent prior to the desertion.

5. DIVORCE—*Desertion—Agreement. for Separation as Defense to Desertion—Case at Bar.*—In the instant case, the agreement for separation was entered into after the desertion without just cause had become a fact. The husband, a United States officer of high standing, was confronted by imprisonment and disgrace, and by entering into the separation agreement he avoided this penalty. The alleged agreement for separation was not in fact such an agreement. The contract while recognizing that the parties had agreed to live apart, was entered into for the purpose of adjusting property rights and the custody of the children. The husband made efforts to get his wife to return after the execution of the agreement. These overtures the wife refused to consider.

*Held:* That the agreement did not preclude the husband from obtaining divorce for desertion.

6. HUSBAND AND WIFE—*Desertion—Articles of Separation—One of the Parties Seeking Reconciliation.*—A husband or wife may be guilty of wilful, continued and obstinate desertion, notwithstanding articles of separation are signed, after the desertion, if one spouse knows that the other spouse dissents from the separation, and he or she is determined to continue it.

7. DIVORCE—*Custody of the Children—Discretion of the Trial Court—Case at Bar.*—In the instant case, where a husband obtained a divorce from his wife on grounds of desertion, the lower court awarded custody of the children to the husband, notwithstanding that there had been a separation agreement between husband and wife under which the wife was to have the custody of the children. The evidence indicated that the husband was a far more stable person than the wife to rear the children. The Supreme Court of Appeals, always loath to interfere with the discretion of trial courts in matters touching the custody of minor children, saw no reason for doing so in this case. If the husband should prove an improper custodian, it is always in the power of the court, and it would be its duty, to make such other provision for the care and custody of the infants as would promote their best interests.

Appeal from a decree of the Circuit Court of the city of Alexandria. Decree for respondent. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Jno. S. Barbour, Hugh Reid* and *Ball & Douglas*, for the appellant.

*J. K. M. Norton,* for the appellee.

CHICHESTER, J., delivered the opinion of the court.

Alice Loving Butler, hereafter referred to as complainant, filed her bill for divorce against her husband, J. Jarvis Butler, on the ground of cruelty. Respondent, J. Jarvis Butler, filed his answer and cross-bill, denying the charges of cruelty and charging wilful desertion without just cause, praying for a divorce on account of the alleged desertion, and for the custody of two minor children, Harriet F. Butler, aged eight years, and J. Jarvis Butler, aged three years, born of the marriage.

Voluminous depositions were taken on the issues thus joined, and on the 30th of March, 1925, the court decreed a divorce to respondent on the ground of desertion, and the custody of the minor children, with provision that complainant should have the right to see her children "and associate with them at all reasonable times." From this decree an appeal was awarded.

[1] The question as to whether respondent was cruel to that extent which would justify desertion by complainant was passed upon by the learned chancellor of the trial court upon a conflict of evidence with the preponderance in favor of respondent's contention.

The evidence as a whole clearly justified the conclusion that the parties, at intervals during the ten years they were married, lived very unhappily together; that the wife was erratic and very uncertain in temperament, gushingly affectionate at times and unreasonable and violent at others, her violence taking the form of the most vicious and apparently uncalled for

assaults upon her husband, during which it was neces-
sary to restrain her by force. The final desertion by the
wife took place on March 23, 1923, after one of these
scenes, during which complainant kicked and scratched
respondent and respondent slapped complainant on the
thigh.

The husband was probably not always as long-
suffering as he might have been, but that he was pro-
voked beyond endurance at times is shown beyond a
doubt.    Under all the circumstances, in view of his
wife's conduct, he was not guilty of such cruelty as
would justify desertion by her.

[2] The law does not permit courts to sever marriage
bonds and to break up households merely because
husband and wife, through unruly tempers, lack of
patience and uncongenial natures, live unhappily
together. It requires them to submit to the ordinary
consequences of human infirmities and unwise selec-
tions, and the misconduct which will form a good
ground for legal separation must be very serious and
such as amounts to extreme cruelty, entirely subver-
sive of the family relations, rendering the association
intolerable.

The husband here was not shown to be guilty in
this grave sense or to the extent that would justify
desertion.    When he stepped beyond the mark he did
so under the most serious provocation.

It is not necessary to go further into details. The
trial court found that, in view of the history of the
married life of these two mismated and unfortunate
people, there was no just cause for the desertion, and
that the husband was entitled to a decree on this
ground. We concur in this conclusion. The desertion
is not denied. It is sought to justify it on the ground of
cruelty, which position, as we have seen, the record

does not sustain, and to avoid the consequence upon the ground that respondent has consented to the separation by written agreement entered into between the parties on the 16th day of April, 1923.

This agreement was entered into after respondent had been arrested, tried and convicted by the police justice of Arlington county of assault and battery upon his wife, and adjudged to pay a fine and to be confined in jail for fifteen days. Upon entering into the agreement, he was discharged without suffering the penalties imposed by the judgment of the police justice. After reciting that the parties to the contract were married on the 21st of May, 1913, and that two children, naming them, were born of the marriage, it proceeds:

"And whereas, irreconcilable differences have arisen and existed between the parties hereto for many years, and since the twenty-third day of March last they have not lived and cohabited together as husband and wife.

"And whereas, there exists no reasonable probability of their reconciling their differences, therefore the parties hereto have mutually agreed to separate and live apart so that each may be free of the domination and control of the other and not subject to his or her restraints, except to such extent as their marital vows and obligations legally require.

"And whereas, the parties hereto have also mutually agreed between themselves as to the disposition of the property held and accumulated during the aforesaid marriage relation, the custody and care of their two children, and the maintenance and support of the said children and the party of the second part,   *   *   "

Then in consideration of the premises provision was made for the support of complainant and the

children; custody of the children was given to the mother; it was agreed that she should reside where she pleased; that the father should have the privilege of visiting the children, etc.; division of the property was made; and it was agreed that "no decree for divorce hereby granted by any court to either party to the agreement should operate as a release, mitigation or discharge of the obligations assumed by the contract." There are other provisions but they are not pertinent here.

The question as to whether complainant can be held guilty of a wilful desertion such as will entitle respondent to a divorce on the ground of desertion, in view of the agreement just referred to, is a close one in this case.

[3] The general rule is stated in 19 C. J. p. 82, secs. 190–2, as follows: "An unrevoked agreement for separation under which the spouses are living apart precludes either from obtaining a divorce for desertion." The rule, as stated, contemplates that the agreement must be unrevoked, and that the spouses must be living apart *under* the agreement, and there are certain modifications of the rule stated, as, for instance, that where the cause of action had fully accrued at the time of the agreement, the rule would not apply, and where the sole purpose of the agreement is to adjust the property rights of the parties the legal consequences flowing from the prior desertion are not affected. It is also stated in the text that when the agreement is obtained without the real concurrence of the other party, it does not operate as a bar to divorce on the ground of desertion. The general rule is admitted, and while we do not commit ourselves to the exceptions or distinctions stated, we do think the circumstances of each case determine, and should

determine, the action of the court in passing upon a particular case. Rather than undertaking to establish certain exceptions to a rule, the decisions upon which the text referred to is based were meeting conditions and circumstances of particular cases and deciding them according to right and justice. It is with this in view that we propose to deal with the agreement here.

[4] The distinction between an agreement to live separate and apart, made prior to actual separation, and one made after separation, is a distinction without a real difference. Voluntary acquiescence after the fact would remove cause of complaint as well as consent prior to the desertion.

Thus in *Cooper* v. *Cooper*, 17 Mich. 205, 97 Am. Dec. 184, the court said: "But desertion can only be complained of when it is against the will of the party who is deserted, and constitutes a grievance which deprives him of the society of his wife without his consent or acquiescence. If there be a separation by consent, that consent shows that the parties deem it no grievance to be deprived of each other's society, and nothing but an unconditional and entire resumption of their early relations can restore them to such a position as would make a new separation by the departure of the wife, as in this case, a criminal desertion."

There were no circumstances in the above case to take it out of the rule or to make it an exception.

[5, 6] In the instant case there are other circumstances beyond the mere fact that the agreement was entered into after the desertion had become a fact, and, as we have seen, without just cause. This is one circumstance to be considered. Another is the fact that the respondent, who was an employee of the U. S. Government of high standing, was confronted by

imprisonment and disgrace, and by entering into the agreement he avoided this penalty. Moreover, the alleged agreement of separation is not in fact such an agreement. It merely says by way of recital that irreconcilable differences have arisen and existed between the parties for many years, and there is no reasonable probability of their reconciling their differences and that they have mutually agreed to separate and live apart. The contract then, in great detail, disposes of their property rights and of the custody of the children. It is clear that the contract, while recognizing that the parties had agreed to live apart, was entered into for the purpose of adjusting property rights. *Walker* v. *Walker*, 14 Cal. 487, 112 Pac. 479; *Ogilvie* v. *Ogilvie*, 37 Or. 171, 61 Pac. 627.

In the latter case it was held: "Where a wife deserted her husband and afterward demanded a settlement of money affairs, and an agreement was thereupon executed, reciting her desertion and making disposition for her support, it was not an assent by the husband to the separation, and after the expiration of the required time he was entitled to a divorce."

In addition, respondent made efforts, as the record shows, to get his wife to return to him after the execution of the agreement. These overtures complainant refused to consider.

A husband or wife may be guilty of wilful, continued and obstinate desertion notwithstanding articles of separation are signed, after the desertion, if one spouse knows that the other spouse dissents from the separation, and he or she is determined to continue it. *Power* v. *Power*, 66 N. J. Eq. 320, 58 Atl. 192, 105 Am. St. Rep. 653.

Under these circumstances, we think the trial court was justified in holding that the agreement in this

case did not preclude the respondent from obtaining a divorce for the desertion.

[7] In the instant case the trial court was not asked to, and did not, disturb the property adjustments made by the parties, or the stipulation as to funds to be advanced by the husband for the support of the wife. The children, however, as stated, were given into the permanent custody of the father, with provision for the mother to see them. This court has always been loath to interfere with the discretion of trial courts in matters touching custody of minor children. It seems no reason for doing so in this case. The evidence indicates that the respondent is a far more stable person than complainant to rear these infant children, but if he should prove an improper custodian, it is always in the power of the court, and it would be its duty, to make such other provision for the care and custody of these infants as would promote their best interests.

It is recited in the decree awarding the respondent custody of the children that the court based its conclusions on depositions filed in the cause and on oral evidence, and that the judge talked with the children themselves.

Our conclusion, therefore, is that the decree of the circuit court should be affirmed in every particular.

*Affirmed.*