HARRY THOMAS, petitioner-appellant,

*v.*

RUTH THOMAS, defendant-appellant.

[Submitted February 18th, 1933.  Decided April 27th, 1933.]

*Messrs. Vreeland & Vreeland (Mr. Leonard G. Brown,* of counsel), for the petitioner.

*Messrs. Seymour & Seymour (Mr. Arthur B. Seymour,* of counsel), for the defendant.

The opinion of the court was delivered by

TRENCHARD, J.

The husband filed a petition for divorce, charging desertion. The wife denied the charge, and counter-claimed for a divorce on the ground of desertion by her husband.

The court of chancery, on the advice of the advisory master, dismissed both the petition and the counter-claim, and both parties appeal.

We find no fault with the decree.

The parties were married on January 31st, 1919, in Newark, and have lived there ever since. At first they lived in a furnished room, and later, when the husband's brothers came to live with them, they had two rooms. For a time both parties were employed. Later the husband was, convicted of crime and served a short term of imprisonment, and from that time forward was unemployed some of the time. Still later the husband and wife went to live in rooms in the house of the father of the wife, taking with them the husband's mother. After the latter's death, the husband's unexplained absence at night upon occasions resulted in quarrels between the husband and wife. The result was that

about January 25th, 1928, the husband packed his trunk and took some other personal effects and left his wife and home and never returned. Thereafter he lived with his sister.

Where, as here, the separation is shown, or is properly inferred, to have originated in the wife's consent, or is continued by her acquiescence, the alleged desertion by the husband cannot become obstinate, within the statute relating to divorce (*Comp. Stat. p. 2021*), until it is persisted in against the known dissent of the wife, unless the conduct of the husband has been such as will be deemed to be obstinate without any effort upon the part of the wife to prevent or terminate it. *Hankinson* v. *Hankinson, 33 N. J. Eq. 66; Kipp* v. *Kipp, 78 Atl. Rep. 682; affirmed, 77 N. J. Eq. 585.* Here no such dissent was shown. On the contrary the inference from the evidence is plain that the wife acquiesced. And we believe the conduct of the husband cannot be deemed necessarily and in all events obstinate. Therefore, the wife's appeal fails.

We come, then, to the appeal of the husband.

Where, as here, the husband abandons his wife and home and never returns, and such separation, though without legal justification, was with the acquiescence of the wife, then in order for the husband to obtain a divorce upon the ground of desertion he must show that he made in good faith an overture to renew matrimonial cohabitation which the wife rejected, and that overture must be such as would be made by a just man. *Power* v. *Power, 66 N. J. Eq. 320; Currier* v. *Currier, 68 N. J. Eq. 7; affirmed, Ibid. 797; Jones* v. *Read-Jones, 84 N. J. Eq. 479; Hague* v. *Hague, 85 N. J. Eq. 537.* That he did not do.

It is true that he talked with her on the street from time to time, but never proposed to renew matrimonial cohabitation, his talk having for its main objective sexual intercourse only. It is also true that he wrote his wife numerous letters. But in none of them did he offer to return home, or to provide another home, or to otherwise provide for her. None of them were couched in terms of love or affection. In short none of them were such as would have

been written by a just man in the circumstances. Therefore the husband's appeal fails.

The decree below will be affirmed. No costs will be allowed either party.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. '14.

*For reversal*—None.