## PARKS v. PARKS.
### No. 6910.

United States Court of Appeals for the District of Columbia.

Decided April 18, 1938.

Geo. E. C. Hayes and Philip W. Thomas, both of Washington, D. C., for appellant.

Fred B. Rhodes and Cooper B. Rhodes, both of Washington, D. C., for appellee.

Before GRONER, STEPHENS, and MILLER, Associate Justices.

MILLER, Associate Justice.

Appellant (defendant below) filed a bill of review in the court below challenging the decree which it had theretofore entered in a divorce proceeding between the appellee and appellant.

In the original proceeding the bill of appellee prayed for a divorce a mensa et thoro on the ground of desertion; it alleged that the desertion occurred on April 18, 1932; that it caused a permanent separation; that the appellant thereafter "remained away and refused to live or cohabit with" appellee; and that on November 25, 1932 appellant signed an agreement to pay $100 per month for the support of appellee and their children. In an accompanying affidavit appellee deposed that the agreement of November 25, 1932 was "a voluntary separation agreement." In his answer appellant denied both the desertion and

that he caused a permanent separation, but admitted the separation agreement and set it out as an exhibit.

■ On May 8, 1935, the lower court entered its decree, in which it stated:

"This cause coming on to be heard at this term of Court upon the Bill of Complaint filed herein by Ethel M. Parks, plaintiff, and the answer of the defendant, Thomas W. Parks, and testimony having been taken in open Court in support of the pleadings, after consideration whereof the Court being of the opinion that the allegation of desertion has been duly sustained, it is by the Court this 8th day of May, A. D. 1935,

"Adjudged, ordered, and decreed: * * *"

This was the only finding made by the court upon the subject of desertion. The bill in the present case was filed in the lower court within two years after the final decree in the original proceeding, pursuant to the provisions of Equity Rule No. 58 of the District Court of the United States for the District of Columbia.[1] See, also, Clark v. Killian, 103 U.S. 766, 26 L. Ed. 607. The sole ground relied upon to support the bill is "that there is an error on the face of the record in the original cause."[2] This limits the scope of our inquiry accordingly. McGowan v. Elroy, 28 App.D.C. 188.

■ In order that error may be said to be apparent on the face of the record it must appear that the court erred in point of law, "Taking all the circumstances to be as they are set out in the pleadings * * *." Clark v. Killian, supra, 103 U.S. 766, at page 769, 26 L.Ed. 607. This has been otherwise expressed by saying that the decree "in point of law, is erroneous upon the state of facts as assumed * * *" (Eaton v. Dickinson, 35 Tenn. 397, 3 Sneed

397, 400; Burson v. Dosser, 48 Tenn. 754, 1 Heisk. 754, 759); that "only questions of law which arise on the pleadings, proceedings, and decree may be considered" (Continental Oil Co. v. Osage Oil & Refining Co., 10 Cir., 69 F.2d 19, 24, certiorari denied 287 U.S. 616, 53 S.Ct. 24, 77 L.Ed. 535); and again such error has been described in the laconic manner of Learned Hand, J., as "a misconception of what the rule is which will eventually be enforced by the court having the final word." In re Brown, D.C. S.D. N.Y., 213 F. 701, 702, affirmed, 2 Cir., 213 F. 705, affirmed, 235 U. S. 407, 35 S.Ct. 125, 59 L.Ed. 289.[3]

Appellant contends that (1) the decree in the original proceeding was rested upon the ground of desertion; (2) the record shows that the desertion—assuming it ever occurred—was interrupted by the voluntary agreement of separation; (3) hence it was not operative at the time of the filing of the bill in the original proceeding; (4) consequently, as a matter of law, it could not support the finding and decree, and the error resulting from its entry is thus apparent upon the face of the record.

The Code of the District of Columbia does not in terms specify that desertion must continue until the filing of a bill for divorce on that ground;[4] nor did it so specify at the time of filing the amended bill in the original proceeding.[5] Neither did it then require the continuance of desertion for any particular period of time in order to constitute ground for divorce. Section 63, Tit. 14, D.C.Code 1929; Maschaur v. Maschaur, 23 App.D.C. 87, 96; Moncure v. Moncure, 51 App.D.C. 292, 278 F. 1005. Moreover, the question has never been decided for the District of Columbia whether an intervening separation agreement breaks the continuity of desertion or bars the granting of a decree of divorce on that ground.

---

[1] "No bill of review shall be filed unless within two years after the entry of the decree or order or within two years from the removal of any legal disability of any party entitled to file such bill of review."

[2] A bill of review for errors apparent has been denominated a "pure bill of review." Buffington v. Harvey, 95 U.S. 99, 103, 24 L.Ed. 381; Willamette Iron Bridge Co. v. Hatch, 125 U.S. 1, 7, 8 S. Ct. 811, 31 L.Ed. 629.

[3] "The only questions open for examination on a bill of review for error of law appearing on the face of the record are such as arise on the pleadings, pro-

ceedings, and decree, without reference to the evidence in the cause. This has been many times decided in this court. Whiting v. Bank of United States, 13 Pet. 6, [10 L.Ed. 33]; Putnam v. Day, 22 Wall. 60, [22 L.Ed. 764]; Buffington v. Harvey, 95 U.S. 99, [24 L.Ed. 381]; Thompson v. Maxwell, id. 391, [24 L.Ed. 481]." Shelton v. Van Kleeck, 106 U.S. 532, 534, 1 S.Ct. 491, 27 L.Ed. 269. See, also, Rudolph v. Hunt, 52 App.D.C. 343, 345, 286 F. 1007, 1009.

[4] Section 63, Tit 14, D.C.Code, Supp. III, 1937.

[5] Section 63, Tit. 14, D.C.Code, 1929.

The general rule has been stated to be that an unrevoked separation agreement—in the absence of other circumstances—bars a divorce on the ground of desertion. Brown v. Brown, 5 Gill, Md., 249; Barclay v. Barclay, 98 Md. 366, 56 A. 804; Butler v. Butler, 145 Va. 85, 90, 133 S.E. 756, 758. See Lourie v. Melnick, 128 Me. 148, 146 A. 84.

Where other circumstances are present, however, the agreement becomes merely one of the factors to be considered, and the question must be determined upon its merits in each case. The important consideration is whether the separation of the parties was consented to or acquiesced in by the innocent party, who except for such consent or acquiescence would have been privileged to secure a divorce upon the ground of desertion.[6] "Voluntary acquiescence after the fact would remove cause of complaint as well as consent prior to the desertion * * *. [But] A husband or wife may be guilty of willful, continued and obstinate desertion, notwithstanding articles of separation are signed, after the desertion, if one spouse knows that the other spouse dissents from the separation, and he or she is determined to continue it." Butler v. Butler, 145 Va. 85, 91, 92, 133 S.E. 756, 758.

Thus, it has been held that a separation agreement did not operate as a bar where the cause of action for desertion had fully accrued at the time the agreement was entered into, and the agreement contained no covenant not to sue. Moore v. Moore, 12 Prob.Div. 193; Ward v. Ward, 81 Mont. 587, 600, 264 P. 667, 671. A similar situation existed in the present case; in fact, the agreement between appellant and appellee expressly recognized the rights of the parties to sue for divorce by providing: "In consideration of any petition for a divorce now pending or which may be filed, either party hereto shall for any cause obtain a divorce from the other, the provisions of this agreement shall be embodied in the decree of divorce."

Again, such an agreement has been held to constitute no bar, where it appeared that its real purpose was merely to settle property rights of the parties, even though it provided for continued separation. Walker v. Walker, 14 Cal.App. 487, 112 P. 479. See, also, Ogilvie v. Ogilvie, 37 Or. 171, 184, 61 P. 627, 631; Lemmert v. Lemmert, 103 Md. 57, 63 A. 380; Cowan v. Cowan, 97 N.J.Eq. 163, 127 A. 42. Similar interpretations have been placed upon separation agreements, where it appeared that they were primarily intended to mitigate the consequences of the desertion by providing for the support of children (Pettis v. Pettis, 91 Conn. 608, 101 A. 13, 4 A.L.R. 852; Atherton v. Atherton, 181 U.S. 155, 172, 21 S.Ct. 544, 45 L.Ed. 794); or for the complete adjustment of post-marital affairs, including custody of children, support and maintenance, adjustment of property rights and residence of the parties (Power v. Power, 66 N.J.Eq. 320, 58 A. 192, 105 Am.St.Rep. 653); or where other circumstances appeared which indicated that the agreement constituted no proof of consent or acquiescence in the desertion. Dagg v. Dagg, 7 Prob.Div. 17.

Appellant relies upon several Maryland cases to support his contention, particularly the case of Barclay v. Barclay, supra. Although the Maryland court held, upon a consideration of the facts in that case, that the separation agreement was a bar to a suit for divorce, it also said that such an agreement is not a bar per se.[7] In Lemmert v. Lemmert, supra, the same court decided that the separation agreement there involved was not a bar, expressly distinguishing it, on the facts, from the Barclay Case. And, in Melson v. Melson, 151 Md. 196, 202, 134 A. 136, 138, the Maryland court said: "The importance of the agreement of separation arises from its significance as an expression of the intent of the parties * * *." Obviously it should not be allowed without more to conclude the question, when there is other evidence of such intent, perhaps far more persuasive in character.

---

6 Ogilvie v. Ogilvie, 37 Or. 171, 184, 61 P. 627, 631; Pettis v. Pettis, 91 Conn. 608, 101 A. 13, 4 A.L.R. 852; Power v. Power, 66 N.J.Eq. 320, 58 A. 192, 105 Am.St.Rep. 653. See, also, Devine v. Devine, 89 N.J.Eq. 51, 104 A. 370; Scotland v. Scotland, 96 N.J.Eq. 49, 124 A. 608. And this question arises also where the circumstances do not include a separation agreement. Hitchcock v. Hitchcock, 15 App.D.C. 81, 93. See Thomas v. Thomas, 113 N.J.Eq. 82, 166 A. 322; Schopps v. Schopps, 188 Wis. 151, 205 N.W. 829; Ward v. Ward, 117 Pa.Super. 125, 177 A. 515.

7 See, also, Melson v. Melson, 151 Md. 196, 202, 134 A. 136, 138; Walker v. Walker, 125 Md. 649, 660, 94 A. 346, 350, Ann.Cas.1916B, 934.

238

■ Even if we were to rest our decision upon the Maryland cases, therefore, and follow the rule as laid down in that state, appellant's contention would fail. It is not necessary for us to adopt any particular rule as to the effect of an intervening separation agreement, in order to decide the present case. It is sufficient to say that the presence in the record of a separation agreement does not ipso facto reveal error in a decree of divorce made and entered upon the ground of desertion.

■■ The lower court on the original bill heard evidence—which is not available to us on a bill of review and which it would be improper for us to consider (McGowan v. Elroy, 28 App.D.C. 84)—and in the light of all the circumstances, including the agreement, found that desertion had taken place. This was a proper exercise of discretion (Lemmert v. Lemmert, supra) which cannot be disturbed on a bill of review or on this appeal.

Affirmed.