53 So.2d 547

### STARLING·v. STARLING.

### 4 Div. 638.

Supreme Court of Alabama.

June 14, 1951.

W. G. Hardwick, Dothan, for appellant.

R. S. Ward, Geneva, Alto V. Lee, III and Huey D. McInish, Dothan, for appellee.

SIMPSON, Justice.

Appeal from a decree overruling demurrer to a bill for divorce alleging voluntary abandonment.

The vital question relates to an exhibit which is made a part of the bill and is prayed to be ratified and confirmed by the final decree. The exhibit is captioned "Separation Agreement" and, among other things, recites:

"Whereas, they have reached an agreement of separation.

"Now, in consideration of the premises it is agreed that the parties hereto shall live separate and apart; that neither will interfere or intermeddle with the other as to his or her liberty, conduct or acts and that each may follow and carry on such business occupation or profession as he or she may choose and that each shall have full

and independent freedom of action and conduct so far as any mutual obligation, duty or responsibility each to the other exists. * * *

* * * * * *

"It is further agreed and understood between the parties hereto that they propose to obtain a divorce from each other after they have been separated for the statutory period of time, and both parties agree that neither will contest any effort on the part of the other to obtain said divorce and both agree that nothing will be involved in said divorce proceedings except the question of being divorced one from the other by a decree of the proper Court."

The bill shows that the parties separated August 22, 1949, and the agreement was executed September 21 thereafter. The bill was filed November 6, 1950, by the husband alleging the abandonment to have occurred on and from the aforesaid August 22, 1949.

The allegations of fact as regards the voluntary abandonment by the wife of her husband without fault on his part are contradicted by the above exhibit, under which circumstances the recitals in the exhibit will control. McGowin v. Cobb, 249 Ala. 561(2), 32 So.2d 36; Lunsford v. Marx, 214 Ala. 37(1), 106 So. 336.

Guided by this well-known rule of construction, we must hold that the bill was without equity and the demurrer taking the point should have been sustained. Rather than showing the abandonment of appellee by his wife to have been without fault on his part, one of the constituents to justify a favorable decree, the exhibit, unexplained by proper allegations to avert such a construction, shows that the separation was by mutual agreement or consent. If such were the circumstances of the separation, neither party would be entitled to a divorce on the asserted ground. 27 C.J.S., Divorce, § 57b, page 57; Nathan v. Nathan, Cal., 269 P. 628; Parks v. Parks, 68 App. D.C. 363, 98 F.2d 235; Phinizy v. Phinizy, 154 Ga. 199, 114 S.E. 185; Scheuer v. Scheuer, 247 Ill.App. 463; Sanders v. Sanders, 184 Ky. 119, 211 S.W. 425; Lewis v. Lewis, 95 Pa.Super. 584; Melson v. Melson, 151 Md. 196, 134 A. 136; Butler v. Butler, 145 Va. 85, 133 S.E. 756.

It results that the decree below will be reversed and one will be rendered here sustaining the demurrer, with leave to amend the bill within twenty days from the receipt of the certificate by the register of the lower court.

Reversed and rendered.

LIVINGSTON, C. J., and BROWN and FOSTER, JJ., concur.