## CIRCUIT COURT OF CHESTERFIELD COUNTY

Murrell

v.

Murrell

April 12, 1989

Case No. (Chancery) 88-1167

By JUDGE HERBERT C. GILL, JR.

On January 25, 1989, counsel presented argument in regard to plaintiff's request for entry of a divorce decree from the bonds of matrimony on the grounds of cruelty or constructive desertion and defendant's request for entry of a decree of divorce from bed and board on the ground of desertion. Upon consideration of the arguments heard and evidence submitted, it is the opinion of this Court that plaintiff's and defendant's requests are denied. Counsel for defendant is directed to draft an order of dismissal pursuant to this opinion.

Pursuant to Section 20-99 of Virginia Code, a divorce may not be granted on the uncorroborated testimony of the parties. Those facts necessary to the judgment must be supported. *Martin v. Martin*, 166 Va. 109 (1936). Corroboration "need not rest in the testimony of witnesses but may be furnished by surrounding circumstances adequately established." *Dodge v. Dodge*, 2 Va. App. 238 (1986), citing *Graves v. Graves*, 193 Va. 659 (1952).

In general, "misconduct which will form a good ground for legal separation must be very serious and such as amounts to extreme cruelty, entirely subversive of the family relations, rendering the association intolerable." *Hoffecker v. Hoffecker*, 200 Va. 119 (1958), citing *Butler v. Butler*, 145 Va. 85 (1926). *See also, Zinkhan v. Zinkhan,*

2 Va. App. 200 (1986). Grounds alleged for divorce must be proved by full, clear, and adequate evidence. *Brooks v. Brooks*, 200 Va. 530 (1959).

Plaintiff has failed to present sufficient corroborating evidence of misconduct warranting entry of a decree pursuant to Section 20-91(6) of the Virginia Code. Corroborating testimony established that the defendant was rude to the plaintiff, had consumed illicit drugs, and had been observed intoxicated. *See* depositions of Diane Taylor, Lisa Dicks, and Eleanor Carraway, pages 32, 36, 39-40, 49 and 53. The sole corroborated act of physical abuse occurred after the date of separation and filing of the bill of complaint. *See* deposition of Diane Taylor, page 8. This alleged assault is not relevant as it occurred after the filing of the bill of complaint and does not substantiate a prior pattern of abuse set forth with particularity.

The corroborating testimony failed to establish that the rude behavior directed toward the plaintiff constituted abuse. The evidence does not suggest that the plaintiff was humiliated in public nor subject to constant harassment.

The testimony by Lisa Dicks in regard to defendant's drug usage refers to an incident approximately three years prior to the date of separation. Neither Lisa Dicks's nor Eleanor Carraway's testimony corroborate the plaintiff's allegation of alcohol abuse.

Defendant's claim that the plaintiff abandoned the marital relationship without justification is ill founded. Although certain verbal and physical abuse may not constitute a sufficient basis for fault grounds, such conduct may establish justification for departure. *Seemann v. Seemann*, 233 Va. 290 (1987). The aforementioned conduct justifies the plaintiff's departure from the marital home.