## Riley Reams, Appellee, v. Cora A. Reams, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. Augustus A. Partlow, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916.

### Statement of the Case.

Bill for divorce, charging desertion, filed by Riley Reams, complainant, against Cora A. Reams, defendant, to which the defendant filed a cross-bill for separate maintenance, charging cruelty on the part of the husband and a refusal by him to maintain a residence separate and apart from the house of his mother. From a decree for defendant on the cross-bill, complainant in that bill appeals.

R. B. Holmes, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

TILTON & TAYLOR, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. DIVORCE, § 11*—*when desertion is a valid ground.* Desertion, in order to be a valid ground for divorce, must not only be wilful and without reasonable cause in the beginning but must continue so for the period of at least two years.

2. DIVORCE, § 9*—*what does not constitute desertion.* Living separate and apart by consent or by agreement will not constitute wilful desertion or entitle either party to a divorce on that ground.

3. DIVORCE, § 48*—*when evidence shows that desertion was not wilful.* On a bill for divorce filed by a husband, based on desertion of the wife, the latter having filed a cross-bill for separate maintenance, where it appeared that five days after the wife left the husband, the parties entered into a contract in writing whereby the wife was to receive in lieu of all dower, homestead and other rights, arising from a marriage relation, all the household goods belonging to the parties and $3,000, *held* that the making of the contract, so soon after the separation, and in view of a recital therein that it was made because of such separation and in contemplation of its continuance, amounted to such a consent to and an agreement for a separation as to deprive the living apart of the element of wilful desertion on the part of either of the parties.

4. HUSBAND AND WIFE, § 267*—*when instructed verdict for defendant in cross-bill for separate maintenance is proper.* On a bill for divorce filed by a husband against his wife, where the latter filed a cross-bill for separate maintenance, averring that a contract of settlement entered into by the parties, whereby the wife received certain property in lieu of homestead rights, etc., was procured by force, duress and fraud, without averring any facts from which such force, duress or fraud could be inferred, and no proof having been offered to substantiate such averment, *held* that the jury were properly instructed to return a verdict for the defendant on the cross-bill.

5. HUSBAND AND WIFE, § 219*—*what is not justification for wife in leaving husband in action for separate maintenance.* On a cross-bill for separate maintenance, *held* that the cross complainant's contention that she was justified in leaving her husband because he furnished her no home except with his parents was untenable where

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

it was shown that she lived with her husband's parents only during the first year of her marriage, and thereafter and at the time of the separation she and her husband lived separately from the latter's parents although on the same farm.

6. HUSBAND AND WIFE, § 264*—*when evidence does not show cruelty and misconduct of husband in action for separate maintenance.* In a suit for a divorce by a husband, where the wife filed a cross-bill for separate maintenance, alleging cruelty and misconduct on the part of the husband, evidence *held* to justify a finding for the defendant on the cross-bill.