## Osborne M. Scheuer, Appellee, v. Louise B. Scheuer, Appellant.

### Gen. No. 32,047.

DIVORCE—*desertion as a ground where spouses live apart under separation agreement.* Where a husband and wife live separate and apart under the terms of a separation agreement, and the husband does nothing to end the agreement before filing a bill for divorce, there can be no wilful desertion by the wife which will entitle him to a divorce on that ground.

Appeal by defendant from the Superior Court of Cook county; the Hon. HARRY A. LEWIS, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1927. Reversed with directions. Opinion filed February 9, 1928.

THOMAS J. FINNEGAN, for appellant.

B. M. SHAFFNER, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is a cause matrimonial, the parties thereto being husband and wife. Complainant Osborne M. Sheuer filed his bill for divorce from his wife Louise B. on

July 21, 1926, in which he avers that he and his wife were married on July 2, 1910, at Wheaton, Illinois, and that they lived together in the marital relation until December 15, 1915. As to children, the marriage has been barren. Complainant further avers that on the last-mentioned date his wife wilfully and without any reasonable or just cause deserted and abandoned him and wholly refused to cohabit with him any longer, and has continued such desertion until the time of the filing of the bill, and that such desertion is without the fault of complainant. Complainant asks for a decree of divorce *a vinculo matrimonii.*

Defendant appeared and answered, denying the allegations of the bill of complaint, and setting up and charging that on or about February 15, 1916, complainant informed the defendant that he no longer wished to live with her; that he was going to leave her and live with his mother; that he did leave her, and advised defendant to remove her furniture from his premises, which were really the premises of his mother, which she did; that complainant then retained an attorney, who at his request, drew up a separation agreement whereby the parties were to live separate and apart, and that complainant should pay to defendant $6 every week thereafter; that the agreement was signed in duplicate and delivered one copy to each; that complainant has paid $6 a week under the separation agreement until July 1, 1926, and setting up other facts not material to our decision.

On August 3, 1926, the chancellor denied defendant's motion for temporary alimony and solicitor's fees *pendente lite.* On October 18, 1926, complainant was ordered to pay defendant $6 per week as alimony *pendente lite* until the further order of the court, and also to pay her $50 for her solicitor's fees *pendente lite.* On June 2, 1927, after a hearing before the court, a decree granting a divorce to complainant was entered of record, and defendant brings the record here for our review.

It appears without contradiction that the separation agreement set forth in defendant's answer was entered into by the parties, and that complainant in accordance with its terms paid the support money of $6 per week until July 1, 1926.

Defendant contends that while the agreement of separation is in force there can be no wilful desertion, which would entitle either party to it to a divorce on the statutory ground of desertion. With this contention we see no reason for withholding our assent. The denials made by defendant in her answer finds ample support in the record. As held in *Reams v. Reams,* 202 Ill. App. 491, the living separate and apart by consent or by agreement will not constitute wilful desertion or entitle either party to a divorce on that ground. And as held in *Loftus v. Loftus,* 134 Ill. App. 360, where one of the parties to a marriage leaves the home at the request or direction of the other party, or with such party's consent, and continues such absence with such consent, such party cannot be charged with wilful desertion within the meaning of the statute.

The agreement of separation entered into between the parties was effective to bar the complainant from obtaining a divorce on the ground of desertion, for it is patent that the parties lived separate and apart by mutual agreement. The record does not disclose that complainant did anything before the filing of his bill to bring to an end the operation of the agreement made by him and his wife to live separate and apart. The chancellor on the proof before him in this record should have dismissed the bill of complaint for want of equity.

For the errors above indicated the decree of the superior court in this record is reversed, with directions to that court to enter an order forthwith dismissing the complainant's bill for want of equity.

*Decree reversed with directions.*

TAYLOR, P. J., and WILSON, J., concur.