# McDONOUGH *v.* McDONOUGH.

### DIVORCE; DESERTION.

Where, in a suit for divorce *a vinculo* upon the grounds of cruel treat-ment and desertion, the evidence fails to show cruel treatment, and as to the charge of desertion it appears on the one hand that the complainant, the wife; has been left to shift for herself and now earns her own livelihood, and that the defendant does not contribute to her support and is stationed in the West Indies in the Government service, while on the other hand, it appears that letters have passed between the parties within two years of the filing of the petition, in one of which the complainant acknowledges a Christmas gift from the defendant, no such willful and complete abandonment of the complainant by the defendant. is shown, as will justify a decree of divorce on the ground of desertion.

No. 1164. Submitted April 4, 1902. Decided May 6, 1902.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia dismissing a petition for divorce on the grounds of cruel treatment and desertion. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Messrs. Chaney & Hart* and *Mr. M. J. Colbert* for the appellant.

*Mr. Peyton Gordon* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from a decree of the Supreme Court of the District of Columbia refusing to grant a divorce and dis-missing the petition filed by the appellant therefor as com-plainant.

The bill of complaint or petition, which was filed on July 6, 1900, sought a divorce from the bond of matrimony on two grounds: (1) Willful desertion and abandonment of the petitioner by the defendant, her husband, for the full and uninterrupted period of two years and upwards; (2) cruel treatment. The appellee, as defendant, denied both charges in his answer. Upon the testimony adduced the court below refused the divorce, and the petitioner has appealed.

We do not understand it to be claimed on behalf of the appellant that there is any sufficient proof of cruel treatment of the appellant by the appellee shown in this record. There are differences, quarrels, recriminations, temporary separations, insufficient provision by the husband for the support and comfort of his wife, and all the usual results of incompatibility of temper; and it is very evident that the appellee has been very far from faithful in the performance of the solemn duty which he assumed to perform to love and cherish his wife. But we find nothing in the record to support the charge of cruel treatment, such as the law would recognize. In fact, we understand the charge to be virtually abandoned by the appellant.

There is more plausibility in the charge of willful desertion and abandonment, and more appearance of testimony to support it. And yet even in this regard we fail to find any sufficient proof.

The appellant is a resident of Washington, and has been left to shift for herself as best she can. The appellee does not now contribute to her support; and she has sought and procured employment for herself in one of the executive departments of the Government. The appellee is also in the service of the Government as an employee of the Signal Service, and is stationed in one of the islands of the West Indies. Undoubtedly there is alienation between them, but scarcely that willful desertion and abandonment which are required by law as a foundation of a decree for divorce. A letter from the appellant to the appellee written as late as January 4, 1899, is evidence of the yet existing kindly feeling and inter-communication between them. In that letter

the appellant acknowledges the receipt of a Christmas present from the appellee. This, especially when taken in connection with the previous correspondence between the parties, is a very decisive indication that there was not at that date any willful and complete abandonment of the appellant by appellee. And this being within less than two years before the date of the filing of the bill precludes the idea of such desertion and abandonment as the law requires as the basis for divorce.

There is only a question of fact in this case; and that is whether the testimony supports the charge of willful desertion and abandonment. No good purpose would be subserved by an analysis of the testimony. While there is enough in it to show misconduct on the part of the appellee, it must suffice to say, as we have said, that we do not find it sufficient in law to support the claim of the appellant. We think, therefore, that the court below was right in dismissing the petition and refusing the divorce.

The decree appealed from must be *affirmed, with costs. And it is so ordered.*