O'NEIL v. O'NEIL.

(Court of Appeals of District of Columbia. Submitted January 5, 1927. Decided March 7, 1927.)

. No. 4469.

1. Divorce ☞240(5)—$150 a month permanent alimony held not excessive, husband having annual income of $6,000 and wife $1,000.

Allowance of permanent alimony of $150 a month against husband, whose average annual income was about $6,000, in favor of wife, whose income was about $1,000, *held* not excessive, in view of fact that separation was caused by husband's dereliction.

2. Divorce ☞227(2)—Allowance of $1,500 counsel fees in favor of wife held not excessive.

In action for divorce, where wife's attorney successfully prosecuted appeal from decree denying absolute divorce, and obtained divorce from bed and board, *held*, allowance of $1,500 counsel fees, though generous, was not unreasonable.

3. Divorce ☞288—Assessment of cost of stenographic service and auditor's fees against husband held not error.

In action for divorce, where court referred case to auditor to ascertain value of property and income of each of parties, assessment of cost of stenographic service and fees of auditor against husband, on granting wife divorce from bed and board, was not error.

4. Divorce ☞284—Wife held not entitled to allowance of attorney's fees and costs of defendant husband's appeal from decrees as to alimony, in view of previous allowances.

Plaintiff wife *held* not entitled to allowance of counsel fees in Court of Appeals, and cost of printing brief on appeal from decree fixing amount of alimony, attorney's fees, and costs, in view of substantial allowances already made in order appealed from.

Appeal from the Supreme Court of the District of Columbia.

Action for divorce by Catherine E. O'Neil against James E. O'Neil. From a decree directing defendant's payment of alimony and counsel and auditor's fees, defendant appeals. Affirmed.

G. F. Havell and S. M. Hawken, both of Washington, D. C., for appellant.

F. L. Neubeck, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District of Columbia, directing the payment by appellant to appellee of alimony and counsel and auditor's fees.

Appellee brought suit against appellant for an absolute divorce, and an order was passed awarding alimony pendente lite. Upon hearing, the court below dismissed the bill, and an appeal was taken to this court, where the decree was reversed, in so far as it refused to grant a divorce from bed and board, and the cause was remanded, with directions to enter such a decree, "and for such further proceedings as are consistent herewith." O'Neil v. O'Neil, 55 App. D. C. 40, 299 F. 914. Upon the dismissal of the bill in the lower court, appellant discontinued the payment of alimony. Promptly upon the entry of the decree, in conformity with the mandate of this court, appellee applied for alimony. "Her efforts in this respect," says the court below in a memorandum opinion, "have been met by the constant opposition of her husband. Finally, and on June 30, 1925, this court referred the case to the auditor to ascertain the extent, character, value, and amount of the defendant's property and income, and to ascertain as well the extent, etc., of the plaintiff's property and income. This the auditor has done, and his report, filed November 25, 1925, was ratified December 9, 1925; no exceptions thereto by either party having been interposed."

The report of the auditor disclosed that the average annual income of the husband is about $6,000, and that of the wife about $1,000. The decree appealed from allowed the wife $125 per month from January 1, 1923, to August 8, 1924, "as in the nature of alimony pendente lite in arrears," permanent alimony of $150 per month, counsel fees of $1,500, the fee of the auditor, and costs.

[1-3] That the court below had jurisdiction of the parties and subject-matter is plain, and it is clear that there was no abuse of discretion in fixing the amounts. These parties had lived together as husband and wife for many years and the separation was caused by the dereliction of the husband. In such circumstances, the award as alimony of less than one-third of the husband's income certainly

may not be said to be excessive. The allowance of $1,500 to plaintiff's counsel as compensation for services in the court below and in prosecuting the appeal to this court, resulting in the reversal of the decree below, while generous in amount, is not unreasonably so. The trial court was in a better position to judge of the extent and value of the service rendered appellee than are we. Nor was there error in allowing the cost of stenographic service and the fee of the auditor.

[4] Counsel for the appellee has filed a motion in this court for the allowance of counsel fees here and the cost of printing brief on appeal. In view of the substantial allowances already made, we are constrained to deny this motion.

The decree is affirmed, with costs.

Affirmed.