## LORT v. LORT.
### No. 11160.

United States Court of Appeals
District of Columbia Circuit.

Argued March 25, 1952.

Decided July 3, 1952.

Jean M. Boardman, Washington, D. C., for appellant.

Marcus Borchardt, Washington, D. C., for appellee.

Before EDGERTON, PROCTOR, and BAZELON, Circuit Judges.

PROCTOR, Circuit Judge.

This appeal is from a judgment of the District Court granting Edward Franklin Lort, appellee, an absolute divorce on the ground of desertion.[1]

According to the evidence, Mrs. Lort left the home. She claimed to have done so because of her husband's suspected infidelity. She sued for divorce on that ground. About two months after leaving she returned to the home, but remained aloof from her husband without resumption of marital relations. Mr. Lort claimed that

---

1. D.C.Code 1940, § 16–403.
    "A divorce from the bond of marriage or a legal separation from the bed and board may be granted for adultery, desertion for two years, voluntary separation from bed and board for five consecutive years without cohabitation, final conviction of a felony involving moral turpitude and sentence for not less than two years to a penal institution which is served in whole or in part. A legal separation from bed and board may be granted for cruelty * * *."

his wife broke their relations and left the home because of his insistence upon her discontinuing excessive use of liquor and her refusal so to do.

About two months after Mrs. Lort's return to the home she entered into an agreement with Mr. Lort, which recited that the parties were matrimonially separated and desired to make a complete and final settlement of their property rights and obligations. The agreement provided that the husband should convey to the wife all his interest in the house in which they lived; assign all interest in the furnishings; remove himself from the home; surrender sole possession to the wife; and pay her $1000 in settlement of all claims for support or for alimony in event of a divorce. Mrs. Lort agreed to dismiss her suit for divorce, and each party released and renounced all rights and claims to any property or estate of the other. Further, it was provided:

"7. That hereafter the parties shall continue to live separate and apart, and neither party shall do anything to molest or to annoy the other with respect to business or personal matters.

"8. It is the intention of the parties to make a settlement of their property and financial rights and obligations which now exist or which·ever could exist by reason of the status of marriage existing between them which is as complete and as final as it is possible for them to make and this agreement is to be so construed."

Testimony of the parties and their witnesses was of a contradictory nature concerning the issue of desertion. As part of her evidence Mrs. Lort introduced the agreement. Upon the issue of desertion the trial judge found in favor of Mr. Lort and granted him an absolute divorce. As "conclusions of law" the court stated that the desertion "had continued without the consent of the plaintiff for more than two years" and that the agreement "was a property settlement agreement and not a separation agreement."

It was contended in behalf of Mrs. Lort that whatever the original nature of the separation the necessary effect of the agreement was to confirm, or at least convert, the separation into a voluntary one, and thus terminate any state of desertion, if such existed, before the two year statutory period had run. Notwithstanding that contention, the court made no specific finding of fact as to whether it was the purpose and intent of Mr. Lort, in entering into the agreement, to consent to or acquiesce in the separation, although in final analysis it is a question of fact.

■ We find the law upon the subject extensively reviewed by this court in Parks v. Parks, 1938, 68 App.D.C. 363, 98 F.2d 235. In the course of the opinion reference is made to many cases of other jurisdictions, leading to the following statements by this court:

"The general rule has been stated to be that an unrevoked separation agreement—in the absence of other circumstances—bars a divorce on the ground of desertion. * * * [68 App.D.C. at page 365, 98 F.2d at page 237.]

"Where other circumstances are present, however, the agreement becomes merely one of the factors to be considered, and the question must be determined upon its merits in each case. The important consideration is whether the separation of the parties was.consented to or acquiesced in by the innocent party, who except for such consent or acquiescence would have been privileged to secure a divorce upon the ground of desertion. * * * [68 App.D.C. at page 365, 98 F.2d at page 237.]

       *     *     *     *     *     *

"Again, such an agreement has been held to constitute no bar, where it appeared that its real purpose was merely to settle property rights of the parties, even though it provided for continued separation. * * * Similar interpretations have been placed upon separation agreements, where it appeared that they were primarily intended to mitigate the consequences of the desertion * * * or for the complete adjustment of post-marital affairs

* * .* or where other circumstances appeared which indicated that the agreement constituted no proof of consent or acquiescence in the desertion. * * * " 68 App.D.C. at page 365, 98 F.2d at page 237.

Finally the opinion points out that as the Parks case was before this court on a bill of review it was unnecessary to adopt any particular rule as to the effect of an intervening separation agreement. But, observes this court, "It is sufficient to say that the presence in the record of a separation agreement does not ipso facto reveal error in a decree of divorce made and entered upon the ground of desertion." 68 App.D. C. at page 366, 98 F.2d at page 238.

 Now the question is squarely before us, so we must adopt a rule to govern the proper disposition of this case. In so doing we accept the foregoing statements of law in the Parks decision as our guide. Applying them to the present case we hold that the Lort agreement does not as a matter of law constitute consent to or acquiescence by Mr. Lort in a continuation of the separation. It does, however, raise the factual question whether by joining in the agreement Mr. Lort did intend to consent or acquiesce. That question cannot be resolved upon the agreement alone, but all the facts and circumstances leading to execution of the instrument by Mr. Lort must be taken into consideration. Did he, as a matter of fact, intend to give approval to the separation, or was his purpose and intent merely to recognize a prevailing and continuing state of desertion by his wife to be dealt with upon a practical basis?

We remand the case to the District Court with directions: (1) to set aside the present judgment; (2) to reconsider the evidence in the light of the agreement as bearing upon the question of desertion; and (3) to make a specific finding of fact as to whether Mr. Lort did intend to consent to or acquiesce in the separation. If it be found that he did so, a divorce should be denied, for the necessary effect would have been to terminate the desertion, which in its legal concept involves willful action not consented to or acquiesced in by the deserted spouse. Miller v. Miller, 1940, 72 App.D.C. 348, 114 F.2d 596; McDonough v. McDonough, 1902, 20 App.D.C. 46; Hitchcock v. Hitchcock, 1899, 15 App.D.C. 81; Smithson v. Smithson, 1889, 7 Mackey, 18 D.C., 227. But if it be found that Mr. Lort's only purpose in executing the agreement was to settle property rights in recognition of a prevailing state of desertion by his wife, then judgment should go in favor of Mr. Lort.

As bearing upon the vital question we refer to another statement of this court in the Parks case, 68 App.D.C. at page 365, 98 F.2d at page 237, that "Obviously it [the agreement] should not be allowed without more to conclude the question, when there is other evidence of such intent, perhaps far more persuasive in character."

Reversed and Remanded for further proceedings in accordance with this opinion.