Samuel Theodore GINDES, a/k/a Samuel
T. Gindes, Appellant,

v.

Esther GINDES, Appellee.

No. 2941.

Municipal Court of Appeals for the
District of Columbia.

Argued April 9, 1962.

Decided May 3, 1962.

Harry S. Wender, Washington, D. C.,
with whom Jules Fink, Washington, D. C.,
was on the brief, for appellant.

Arthur L. Willcher, Washington, D. C.,
for appellee.

Before HOOD, Chief Judge, QUINN,
Associate Judge, and MYERS, Associate
Judge of The Municipal Court for the
District of Columbia, sitting by designation.

MYERS, Associate Judge.

This is an appeal by a husband from an
order directing him to pay attorney's fees
to counsel for the wife for services per-
formed in connection with her suit for
divorce.[1] He contends that this award of
counsel fees was contrary to the provisions
of a written agreement captioned "Articles
of Separation" which had been executed by
them with the advice and approval of the
respective counsel representing them at that
time.

Section 19 of the agreement provided:
"Nothing herein contained shall be con-
strued to bar or prevent either party from
suing for absolute divorce in any competent
jurisdiction because of any past or future
fault on the other's part and in any such
action each party shall pay his or her own
attorney's fees." Section 18 provided that
in any action for divorce the parties should
be bound by the terms of the contract and
that the "Agreement shall be submitted to
the Court to form a part of any decree or
judgment that may be granted in such
action. * * *"

The record reveals that the wife filed
suit against the husband for an absolute

1. The "Agreed Statement on Appeal"
signed by both attorneys of record and
approved by the trial judge on September
11, 1961, stipulates that the only ques-
tion involved in the appeal is whether
the court below erred in awarding coun-
sel fees to the wife's attorney.

divorce on the ground of adultery. Following trial, the Court found in her favor and granted her an absolute divorce, awarded her custody of three minor children with reasonable rights of visitation for the husband, directed him to pay maintenance for the support of appellee and said children in accordance with their written agreement and further provided that "insofar as the contract of May 4, 1959, can be embodied in this decree such contract to that extent is ratified and made a part hereof as though directly incorporated herein." The Court also *denied* attorney's fees to wife's counsel "as being beyond the power of the Court to grant in view of the aforesaid contract."

Subsequently the Court granted the wife's motion to amend the original judgment "so as to strike therefrom the finding, conclusion and judgment denying the Plaintiff's request for attorney's fees" and directed the husband to pay his wife's counsel for services performed by him. In doing so the trial judge announced that he saw no difference between this case and the case of Keller v. Keller, D.C.Mun.App., 171 A.2d 511. With this conclusion we are not in agreement.

The language of the separation agreement interpreted in the Keller case is quite different from that in the contract here under consideration. There the parties agreed that " * * * In the event that either party *shall* * * * *recover a decree of* * * * *divorce* against the other, the parties * * * shall request the Court not to enter in the decree any provisions for * * * attorney's fees as against the other party * * *" (emphasis supplied). The husband filed suit for divorce on the ground of his wife's alleged desertion, but it was dismissed for lack of the requisite proof and no decree of divorce was granted. The trial judge found that as the husband had been unsuccessful in his suit, the waiver did not apply. This court affirmed, stating, "If the parties in-

tended a waiver of counsel fees in all circumstances, it was an easy matter for them to state such intention. Since the trial court was dealing with the waiver of a statutory right, it very correctly subjected the waiver to strict interpretation." [2]

▆ The provisions of the separation agreement executed by the parties herein clearly reveal the wife's intent to waive her statutory right to counsel fees.[3] The language is unequivocal and unambiguous that in the event either party should sue for an absolute divorce each should bear his and her own counsel fees. The words of Section 19 lend themselves to no other interpretation and are binding upon both husband and wife in this suit.

▆ On his own behalf, counsel for the wife contends that she could not validly waive his right to a fee in this case and that he still has a claim against the husband. Counsel misconceives his position in the matter. The statute authorizes the award of "suit money, including counsel fees," to the wife—not to her attorney. Therefore, she has the power to mutually agree with her husband to relinquish this right to legal fees and to pay them herself. No questions of public policy or of a superior or independent right of the attorney are here involved. Absent any showing of fraud or coercion by the husband upon the wife in reaching an agreement with him respecting the payment of counsel fees, she can renounce her right to the same and contract to pay them. This she did. Her present attorney of record was well aware she had done so before he undertook to represent her. He must, therefore, look to her for payment of any legal fee for services rendered.

Accordingly, we find that the action of the trial judge in directing the husband to pay his wife's counsel fees *must be and is*

Reversed.

2. Keller v. Keller, supra, 171 A.2d at p. 514. (See also n. 3 on same page.)

3. Code, 1961, § 16–410.