**Eulalia Shizu COLES, Appellant,**

v.

**Winston Ward COLES, Appellee.**

No. 3433.

District of Columbia Court of Appeals.

Argued March 23, 1964.

Decided April 30, 1964.

Jackson Brodsky, Washington, D. C., for appellant.

Michael A. Schuchat, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

This is an appeal by a wife from dismissal of her complaint for an absolute divorce on the ground of two years' desertion. Code 1961, § 16–403. The memorandum opinion of the trial judge stated:

"The sole question before the Court is: By execution of the Agreement signed by both parties on May 16, 1961, was the action of plaintiff for desertion barred on the ground that a voluntary separation had been entered into by the parties and the only claim for divorce available to the parties was one of voluntary separation for five years without cohabitation? According to the recollection of the Court, the plaintiff wife testified that by the Agreement of May 16, 1961, she understood that she and her husband were no longer to live together as husband and wife.

"Paragraph numbered one of the Agreement provided as follows:

" '1. The parties may and shall hereafter continue to live separate and apart. Each shall be free from interference, molestation, authority and control of any kind by the other party; neither party shall interfere in any manner with the other and each party shall be at liberty to act or do as he or she sees fit, and to conduct his or her personal and social life as freely and as fully as if he or she were sole and unmarried.'

"By the terms of that paragraph it is apparent that the parties entered into a voluntary separation agreement. Although the balance of the Agreement clearly appears to be a property settlement, paragraph one certainly sets forth a separation agreement. It is as effective as any of the other paragraphs of the contract. Consequently, the Court is of the opinion that the Agreement of May 16, 1961, foreclosed the plaintiff from pursuing her action for absolute divorce on the ground of desertion. * * *"

The wife contends that Lort v. Lort, 91 U.S.App.D.C. 118, 198 F.2d 598, 34 A.L.R.2d 951 (1952), and Parks v. Parks, 68 App.D.C. 363, 98 F.2d 235 (1938), are controlling and require reversal. We agree. For the reasons stated therein the order dismissing the complaint is reversed and the cause remanded for a new trial.

It is so ordered.