[Crim. No. 3122. In Bank.—August 20, 1928.]

THE PEOPLE, Respondent, v. JOHN JOSEPH MALONE, Appellant.

30

L. V. Beaulieu, Ernest Spagnoli and Walter F. Lynch for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn and John W. Maltman, Deputies Attorney-General, for Respondent.

RICHARDS, J.—This appeal is from a judgment of conviction of the defendant upon a charge of murder in the first degree, based upon the verdict of the jury finding him guilty of that offense without recommendation, and from an order denying the defendant a new trial.

The undisputed evidence in the case showed that the defendant and his victim were husband and wife and that they had been separated some time before the homicide, and that such separation had been caused, in part, at least, by the drinking habits of the defendant. After such separation the wife obtained employment in a drug-store, which

also contained a soda fountain and luncheon counter, in the city of Los Angeles, where she was engaged in waiting upon customers on the morning of December 7, 1927, when the defendant entered the place in a state of intoxication and demanded that his wife should go with him somewhere, which she refused to do, and, in connection with her refusal, reproached him with having been drinking; whereupon the defendant went out and shortly thereafter returned, armed with a 32 Colt's automatic pistol, seeing which his wife undertook to flee, but was followed by the defendant into the kitchen, where she was fired upon and immediately slain by him, following which he attempted unsuccessfully to kill himself. Upon being brought to trial the defendant entered a plea of not guilty, but did not enter a plea of not guilty by reason of insanity, nor did the defendant during the trial rely upon insanity as a defense, but seems to have solely depended upon the undisputed showing that he had been drinking and was drunk at the time of the homicide, in an effort to mitigate the imposition of the extreme penalty for his crime.

The first contention on which the defendant relies upon this appeal is that the trial court was in error in refusing to permit the introduction of evidence showing the length of time during which the defendant had been drunk prior to the commission of the crime. We discover no reversible error in the ruling of the court in that regard, for the twofold reason that under section 22 of the Penal Code drunkenness is no excuse for crime, and that, while under that section evidence is admissible showing the state of the accused as to intoxication at the time of the commission of the crime, in order to determine the purpose, motive, or intent with which it was committed, the question as to how long he had been in that state of intoxication is entirely immaterial, in the absence of a plea of insanity or any attempt on the part of the defendant during the trial to show that by reason of a long-continued state of intoxication he had reached such a besotted condition at the time of the commission of the homicide as to be practically insane. The evidence in question not being offered for any such purpose, but merely in attempted mitigation of the crime, was properly excluded by the trial court. (*People* v. *Allen*, 166 Cal. 723, 729 [Ann. Cas. 1915B, 1039, 47 L. R. A. (N. S.)

892, 137 Pac. 1148].) Even if such evidence had been admissible, however, any error on the part of the trial court in its rejection would have been harmless in view of the fact that there is sufficient and substantial evidence in the record showing that the defendant had been drinking heavily for about two weeks before the date of his crime.

■ The defendant's next contention is that the trial court was in error in refusing to give certain offered instructions which he identifies by reference to certain pages of the clerk's transcript, but which he neither quotes nor offers any argument, reason, or authority whatever for his claim that the trial court was in error in refusing to give them. It appears, however, by reference to the designated pages in the clerk's transcript that these instructions bore upon the question as to the extent to which intoxication is an excuse for crime. These instructions purported to be merely an amplification of the provisions of section 22 of the Penal Code, and since the trial court not only in the instruction which it gave quoted the said section of the code, but also in other instructions fully explained to the jury the scope and meaning of the same, it is clear that the court was not in error in refusing to give the defendant's offered instructions upon a subject which had been fully covered by the instructions already given.

The record herein discloses no sufficient reason for a reversal of the conviction of the defendant for a brutal and unprovoked murder and the imposition of the death penalty following such conviction.

The judgment is affirmed.

Curtis, J., Preston, J., Shenk, J., Seawell, J., Langdon, J., and Waste, C. J., concurred.

A rehearing was denied by the Supreme Court on September 17, 1928, and the following opinion then rendered thereon:

THE COURT.—■ The appellant herein, upon petition for rehearing, for the first time urges that the trial court committed prejudicial error in giving to the jury the instruction presently to be considered. While ordinarily this court will not consider points urged for the first time

in petitions for the rehearing of causes upon appeal, this rule has been relaxed in capital cases and will be so in the instant case. ▓▓ The instruction complained of reads as follows:

"All murder which is perpetrated by means of poison, or lying in wait, torture, or by any other kind of wilful, deliberate and premeditated killing, or which is committed in the perpetration or attempt to perpetrate arson, rape, robbery, burglary or mayhem, is murder of the first degree; all other kinds of murder are of the second degree.

"If you believe from the evidence beyond a reasonable doubt that the defendant, John Joseph Malone, on or about the 7th day of December, 1927, at and in the county of Los Angeles, State of California, killed Ruth Velda Malone, you should find the defendant guilty of murder as charged in the information and fix the degree of the crime, and also, if you find the defendant guilty of murder in the first degree, the penalty thereof."

This instruction is erroneous as to that portion thereof which states: "If you believe from the evidence beyond a reasonable doubt that the defendant, John Joseph Malone, on or about the 7th day of December, 1927, at and in the county of Los Angeles, state of California, killed Ruth Velda Malone, you should find the defendant guilty of murder as charged in the information." The instruction should have contained after the word "killed" some apt phrase bringing the homicidal act within the terms of the earlier portion of the instruction which contains the code definition of murder. We are, however, of the opinion that the jury could not have been misled thereby, for the reason that the killing of a human being which would constitute murder had just been stated in the body of this very instruction, and for the further reason that in the main body of the instructions already given the whole law defining and governing the crime of murder and the duty of the jury with relation thereto had been fully, clearly and correctly set forth. Taken in the light of the circumstances of this particular case we have concluded that no miscarriage of justice has occurred through the error thus complained of.

The petition for rehearing is denied.