Filed 5/31/17 (Posted 6/19/17 due to inadvertent omission)

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S099274 |
| v. | ) | |
| | ) | |
| DONALD LEWIS BROOKS, | ) | |
| | ) | Los Angeles County |
| Defendant and Appellant. | ) | Super. Ct. No. PA032918 |
| _____ | ) | |

## ORDER MODIFYING OPINION AND DENYING REHEARING

THE COURT:

It is ordered that the opinion filed herein on March 20, 2017, and reported in the Official Reports (2 Cal.5th 674), be modified as follows:

1. The last sentence of the first paragraph on page 688, which states "For the reasons that follow, we affirm the judgment," is modified so that the sentence reads:

> For the reasons that follow, we vacate the jury's finding that the murder was committed while defendant was engaged in the commission of kidnapping, but affirm the judgment in all other respects, including the sentence of death.

1

2. On page 788, after the third full paragraph, add the following new subpart:

### E.     *Petition for Rehearing*

In a petition for rehearing filed after we issued our opinion in this matter, defendant raised a single claim asserting, for the first time, that the true finding on the kidnapping-murder special-circumstance allegation must be reversed because the trial court failed to instruct the jury that it could find the allegation true only if it found defendant had committed the kidnapping for an independent felonious purpose.

Ordinarily, this court will not consider an issue raised for the first time in a petition for rehearing.  (*Conservatorship of Susan T.* (1994) 8 Cal.4th 1005, 1013; *County of Imperial v. McDougal* (1977) 19 Cal.3d 505, 513.)  As the Attorney General acknowledges, however, we have departed from our usual practice in some circumstances, particularly when the untimely claim arises in a case involving the death penalty.  (See, e.g., *People v. Malone* (1928) 205 Cal. 29, 32-33; *People v. Champion* (1924) 193 Cal. 441, 450.)  For example, in *People v. Easley* (1983) 34 Cal.3d 858, this court filed an initial opinion in a capital case affirming the judgment in its entirety.  Before that opinion was final, however, we received an amicus curiae brief presenting issues that had not been raised by the parties or discussed in the opinion.  We granted rehearing to consider the new issues.  In our ensuing opinion, we explained that we took that unusual step because section 1239, subdivision (b) imposes on the court a duty " 'to make an examination of the complete record of the proceedings . . . to the end that it be ascertained whether defendant was given a fair trial." ' " (*Easley*, at p. 863.)  In the circumstances presented here, in which a capital defendant has presented a meritorious claim that can be resolved solely on the basis of the appellate record, we find it appropriate to consider the new claim of instructional error raised in defendant's petition for rehearing.  For the reasons that follow, we conclude that the trial court prejudicially erred by failing to instruct on the independent felonious purpose rule in connection with the kidnapping-murder special-circumstance allegation, and that the jury's true finding on that allegation must be vacated.

As previously explained in this opinion (*ante*, at pp. 734-735), at the time of defendant's crimes in March 1999, a felony-murder special circumstance could apply only when it was shown "that the defendant had

2

an independent purpose for the commission of the felony, that is, the commission of the felony was not merely incidental to an intended murder." (*People v. Mendoza, supra*, 24 Cal.4th at p. 182; *People v. Green*, *supra*, 27 Cal.3d at p. 61.)  With regard to a kidnapping-murder special-circumstance allegation specifically, a defendant had to have a "purpose for the kidnapping apart from murder." (*People v. Raley, supra*, 2 Cal.4th at p. 902; accord *People v. Brents, supra*, 53 Cal.4th at p. 609.)

The court in this case instructed the jury that to find true the kidnapping-murder special-circumstance allegation, the prosecution must prove that "1.  The murder was committed while the defendant was engaged in the commission or attempted commission of kidnapping in violation of section 207; and [¶] 2.  The defendant had the specific intent to kill." (See CALJIC No. 8.81.17.1 (July 1999).)  Neither party requested, and the court did not give, further instruction informing the jury that the allegation could not be found true if the kidnapping was merely incidental to the commission of murder.[13]

This court has recognized that the independent felonious purpose rule is not an element of the special circumstance, on which a court must instruct in every case in which a felony murder special circumstance has

---

[13]     The instructional omission appears attributable to an error in the Use Note for the version of the standard instruction regarding the kidnapping-murder special circumstance that was given in this case.  The 1999 version of CALJIC No. 8.81.17.1, which had been newly added to CALJIC at the time, made no reference to the independent felonious purpose rule.  The Use Note stated, "This new instruction is based upon Penal Code section 190.2, subdivision (a)(17)(M) adopted in 1998.  It would be applicable to crimes committed on or after January 1, 1999."  The Comment to the instruction likewise indicated, "Pen. Code, § 190.2, subd. (a)(17)(M).  This special circumstance can only be used for crimes committed on or after January 1, 1999."  The information accompanying the 1999 version of CALJIC No. 8.81.17.1 was erroneous because the effective date of section 190.2, subdivision (a)(17)(M), which eliminated the independent felonious purpose requirement for the kidnapping-murder and arson-murder special circumstances, was March 8, 2000.  The CALJIC Committee corrected the error in a Use Note for the instruction that appeared in the July 2000 edition.  But the error in the 1999 version presumably led the court and the parties to believe that because defendant's crimes occurred in March 1999, the requirement of an independent felonious purpose did not apply.

been alleged. (*People v. Kimble* (1988) 44 Cal.3d 480, 501.) The rule "merely clarifies the scope of the requirement that the murder must have taken place 'during the commission' of a felony." (*People v. Harris, supra,* 43 Cal.4th at p. 1299; *Kimble*, at p. 501.) From this we have concluded that a trial court has no duty to instruct on the independent felonious purpose rule "unless the evidence supports an inference that the defendant might have intended to murder the victim without having an independent intent to commit the specified felony." (*People v. Monterroso* (2004) 34 Cal.4th 743, 767; accord *People v. D'Arcy* (2010) 48 Cal.4th 257, 297; *Kimble*, at p. 503.) Put in affirmative terms, a court has a duty to instruct the jury, on its own motion, that the felony cannot have been merely incidental to the murder when there is evidence from which the jury could have inferred that the defendant did not have an independent felonious purpose for committing the felony. (*People v. Riccardi* (2012) 54 Cal.4th 758, 838.) Although the requirement of an independent felonious purpose is not an element of the felony-murder special circumstance (*Kimble*, at p. 501), we believe the legal principle is not one with which jurors would be familiar in the absence of an instruction. (See *People v. Diaz, supra,* 60 Cal.4th at p. 1191 [instructions that convey "rules of which the jurors would not be aware without [such] instruction" implicate the court's duty to instruct on its own motion].)

We conclude that the court in this case had a duty to instruct on the independent felonious purpose rule because there was evidence from which the jury could have inferred that defendant placed Kerr in the back of her car and drove off for the sole purpose of killing her. Significantly, there was evidence suggesting that defendant killed Kerr by setting her and her car on fire, without ever having moved her from the position in the car in which defendant had originally placed her, or done anything else to her. That defendant kidnapped Kerr by placing her in her car and then killed her in that vehicle raised a reasonable inference that his sole purpose in placing her in the car and driving off was to transport her to the location where he would set the fatal fire. The evidence showed furthermore that defendant had stated to his plumbing assistant shortly before the murder that he wanted to get Kerr "off his mind" by blowing up her car or setting it on fire. This evidence likewise created an inference that defendant kidnapped Kerr solely to carry out that plan, and that his act of setting her car on fire was not an afterthought following the kidnapping.

The Attorney General argues that the court had no sua sponte duty to instruct on the independent felonious purpose requirement because there was no evidence suggesting defendant intended to murder Kerr without an independent intent to commit kidnapping. He points out, for example, that

4

evidence defendant placed Kerr in the backseat, instead of in the trunk concealed from view, was consistent with an independent intent to kidnap her in that it showed defendant knew Kerr was alive, and had not merely put her corpse in the car to dispose of the body. The inference drawn by the Attorney General is reasonable, as far as it goes. But he does not explain why the evidence at trial was not also susceptible of the inference that defendant kidnapped Kerr for the sole purpose of killing her, as described above.

For a similar reason, we are not persuaded by the Attorney General's recitation of the evidence on which we relied to reject defendant's challenge to the sufficiency of the evidence supporting the kidnapping-murder special-circumstance finding. Under the applicable standard for assessing a challenge to the sufficiency of the evidence supporting a verdict or finding, we concluded that the record discloses "substantial evidence from which a jury could reasonably infer that defendant had not yet decided Kerr's fate after incapacitating her and moving her into the back of her own car," (*ante*, at p. 735) from which it could be further inferred that defendant did not kidnap Kerr for the sole purpose of killing her. But our analysis did not suggest that this was the *only* inference that could be drawn from the evidence presented at trial. The question whether the court had a duty to instruct on the independent felonious purpose rule in this case asks whether there was evidence that *could have* led the jury to infer that defendant kidnapped Kerr solely for the purpose of killing her. We conclude such evidence was presented, and that the court should have instructed accordingly.

Here, when instructing on the kidnapping-murder special-circumstance allegation, the court failed to inform the jury about the independent felonious purpose rule, and nothing in the instructions as a whole, or the argument of counsel, would have conveyed that requirement to the jurors. Indeed, the prosecutor argued to the jury that if it found defendant committed a first degree murder that occurred during the course of a kidnapping, it could find true the special-circumstance allegation. Under these circumstances, the jury had no reason to believe that the purpose of the kidnapping was significant to its determination whether "the murder was committed while the defendant was engaged in the commission . . . of kidnapping." (CALJIC No. 8.81.17.1.) We conclude that the court erred by failing to instruct the jury on its own motion that, for purposes of the kidnapping-murder special-circumstance allegation in the case, it must be proved that the kidnapping was not incidental to the murder.

5

The court's error in failing to instruct on the independent felonious purpose rule is prejudicial unless we conclude beyond a reasonable doubt that the error did not affect the jury's true finding on the kidnapping-murder special-circumstance allegation. (*People v. Riccardi, supra*, 54 Cal.4th at pp. 838-839.) We cannot confidently draw that conclusion on this record. As described above, the evidence at trial raised a reasonable inference that defendant placed Kerr in her car and drove off for the sole purpose of killing her. Although there was substantial evidence from which a jury could reasonably infer to the contrary, that defendant did *not* kidnap Kerr for the sole purpose of killing her, the evidence did not establish this inference " 'so overwhelmingly' " that it can be said the jurors " 'could not have had a reasonable doubt on the matter.' " (*Id*. at p. 839.) The jury's true finding on the kidnapping-murder special-circumstance allegation must be vacated.

Defendant argues that the court's error also requires reversal of the death judgment. We disagree. Although the kidnapping-murder special-circumstance finding must be vacated, there still remains a valid torture-murder special-circumstance finding. In addition, when making its penalty determination, the jury could properly consider the facts underlying the kidnapping-murder special-circumstance finding as "circumstances of the crime" under section 190.3, factor (a). (*Brown v. Sanders* (2006) 546 U.S. 212, 220 [the invalidating of a special circumstance finding sentencing factor does not render the death sentence unconstitutional if one of the other sentencing factors enables the sentencer to give aggravating weight to the same facts and circumstances]; cf. *People v. Bonilla* (2007) 41 Cal.4th 313, 334 [observing that a second special circumstance "was superfluous for purposes of death eligibility and did not alter the universe of facts and circumstances to which the jury could accord aggravating weight"].) Reversal of the death sentence is not required.

3. On page 788, after having added new subpart E., revise the sentence in the Conclusion from "The judgment is affirmed in its entirety" to the following:

The kidnapping-murder special-circumstance finding is vacated. In all other respects, including the sentence of death, the judgment is affirmed.

These modifications change the judgment.

Defendant's petition for rehearing is denied.

6

4. On page 790, in Justice Liu's concurring and dissenting opinion, the second full paragraph, beginning with "Further, the jury here was never instructed" is modified to read as follows:

Further, the jury here was never instructed that in order to find the special circumstance to be true, it must first determine that Brooks had an independent felonious purpose to commit the kidnapping. To be sure, Brooks's sufficiency claim requires us to consider only whether a reasonable jury could find the special circumstance true beyond a reasonable doubt. Nevertheless, in this case we cannot even say *this* jury found that Brooks had an independent felonious purpose for the kidnapping, depriving us of the positive inference that is usually implicit when considering a sufficiency challenge to a jury verdict. (Brooks raised this instructional error in his petition for rehearing, and I agree with the court's decision to vacate the kidnapping-murder special circumstance on that basis.)

5. The paragraph commencing at the bottom of page 790 with "The sufficiency standard" and ending on page 791 with "the court's opinion" is modified to read as follows:

The sufficiency standard is deferential but not toothless. Based on the evidence here, I do not see how a reasonable jury could find beyond a reasonable doubt that Brooks had an independent felonious purpose for the kidnapping. Today's opinion reaches a contrary conclusion by relying on characterizations of the evidence not urged by either the prosecution at trial or the Attorney General on appeal. I therefore respectfully dissent from the court's conclusion that sufficient evidence supports the kidnapping-murder special-circumstance finding. In all other respects, I join the court's opinion.